# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUSIE A. WILSON, individually and in her capacity as administratrix of the Estate of JERMAINE LAMAR WILSON, deceased, and in her capacity as next friend of Z.W., a minor, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| | ) Civil Action No. 05-821 |
| STANLEY W. TAYLOR, JR., individually; PAUL HOWARD, individually; NOREEN RENNARD, individually; THOMAS L. CARROLL, individually; BETTY BURRIS, individually; DAVID PIERCE, individually; MICHAEL RECORDS, individually; OFFICER McDONALD, individually; and SERGEANT BOOM, individually, | )<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MOTION TO DIRECT AND PERMIT SERVICE OF PROCESS UPON CERTAIN DEFENDANTS BY THE UNITED STATES MARSHAL OR HIS DEPUTY PURSUANT TO FED. R. CIV. R. 4(c)(2)**

**NOW COMES** plaintiff, by and through counsel, and moves this Honorable Court to direct and permit service of process by the United States Marshal for the District of Delaware or his deputy pursuant to FED. R. CIV. P. 4(c)(2). In support of this Motion, the following is a statement:

1. On December 1, 2005, plaintiff filed a Complaint in this Court seeking damages from multiple defendants in connection with the death of her son, Jermaine Lamar Wilson, on February 18, 2005 while in the custody of the Delaware Department of Corrections.

2. The death which gives rise to the instant action, together with a wide-ranging exposé of conditions in prisons operated by the Delaware Department of Correction, has been the

subject of a series of articles in the Wilmington *News-Journal*. The revelations in that series have sparked several protests and numerous other types of political action. In addition, the Civil Rights Division of the United States Department of Justice has begun a formal inquiry into the prison conditions set forth in the series of articles.

3. In this action, plaintiff must serve several defendants – namely, defendants Thomas Carroll, Betty Burris, David Pierce, Michael Records, and Officers McDonald and Boom – at their places of employment, which are in secure Delaware corrections facilities.[1]

4. FED. R. CIV. P. 4(c)(2) permits service of process to be effected "by any person who is not a party and who is at least 18 years of age." Normally, the undersigned would arrange service through a private process server. However, the undersigned has, in the past, found that the Delaware Department of Correction has been resistant to allowing private process servers to enter its secure facilities to effect process, whether to serve summonses or subpoenas.

5. FED. R. CIV. P. 4(c)(2) further provides that "[a]t the request of the plaintiff … the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose." The Committee Notes to the 1993 revisions of the Federal Rules of Civil Procedure state that "[i]f a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service."

6. In light of the facts averred above, and given the sensitive nature of the allegations in the Complaint, the undersigned believes and therefore avers that a Federal law-enforcement presence when serving process will be necessary to (a) minimize resistance to

---

[1] Because the home addresses of all of these defendants are unknown to plaintiff, it is necessary to serve all of them at their places of employment.

service; (b) keep the peace by eliminating the possibility of an unpleasant confrontation between a private process server and corrections officers assigned to secure the facilities where defendants may be served; and (c) to gain entry to the secure correctional facilities where those defendants must be served.

7.      Therefore, plaintiff respectfully requests that this Court exercise its discretion under FED. R. CIV. P. 4(c)(2) to enter an Order directing and permitting the United States Marshal for the District of Delaware or his deputy to personally serve process upon defendants Carroll, Burris, Pierce, Records, McDonald, and Boom at the secure Department of Correction locations averred in the Complaint.

8.      Inasmuch as plaintiff does not envision any difficulty with a private process server gaining entry to the Carvel State Office Building, plaintiff does not request that the Court direct the United States Marshal or his deputy to effect the additional service of process upon defendants by serving the Delaware Attorney General or the Delaware State Solicitor, as required by 10 *Del. C.* § 3103(c). For the same reason, plaintiff does not request service by the Marshal upon defendants Taylor, Howard, and Rennard at the Department of Correction Central Administrative Building in Dover, Delaware.

**WHEREFORE**, plaintiff prays that this Honorable Court grant the relief requested in this Motion.

**PERRY & SENSOR**

By:   /s/  Michael L. Sensor
       Michael L. Sensor, Esquire
       Delaware Bar ID No. 3541
       Suite 560, First Federal Plaza
       P.O. Box 1568
       Wilmington, DE 19899-1568
       Telephone: (302) 655-4482
       Attorney for Plaintiff

Dated: December 2, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUSIE A. WILSON, individually and in her capacity as administratrix of the Estate of JERMAINE LAMAR WILSON, deceased, and in her capacity as next friend of Z.W., a minor, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-821 |
| STANLEY W. TAYLOR, JR., individually; PAUL HOWARD, individually; NOREEN RENNARD, individually; THOMAS L. CARROLL, individually; BETTY BURRIS, individually; DAVID PIERCE, individually; MICHAEL RECORDS, individually; OFFICER McDONALD, individually; and SERGEANT BOOM, individually, | ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## **ORDER**

**AND NOW**, to-wit, this _____ day of _____, 2005, upon consideration of plaintiff's Motion to Direct and Permit Service of Process by the United States Marshal or His Deputy Pursuant to FED. R. CIV. P. 4(c)(2),

The Motion is **GRANTED**. Service of process upon the individual defendants shall be effectuated by the United States Marshal for the District of Delaware or his deputy. Plaintiff shall submit completed USM-285 forms, together with any appropriate fees and the appropriate number of copies of the Summons and Complaint, within ten (10) days of the date of this Order.

_____
United States District Judge