AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

SUSIE A. WILSON, individually and in her capacity
as administratrix of the Estate of JERMAINE
LAMAR WILSON, deceased, and in her capacity as
next friend of Z.W., a minor,

## DISTRICT OF DELAWARE

Plaintiff,

### SUBPOENA IN A CIVIL CASE

STANLEY W. TAYLOR, JR., et    V.
al.,

Defendants.

Case Number:[1]  05-821

TO:  Custodian of Medical Records
Delaware Correctional Center - Infirmary/Dispensary
1181 Paddock Road
Smyrna, DE 19977

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all documents, writings, or other things in your possession, custody, or control relating in any manner whatsoever to any care or treatment rendered to JERMAINE LAMAR WILSON, DOB 1/15/1985, SSN 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, SBI 00456612, including, but not limited to, medical records, notes, charts, test results, laboratory results, and the like, in accordance with the attached HIPAA-compliant authorization. NOTE: Your personal appearance is waived if the requested documents are produced on or before the date below.

| PLACE<br>Offices of Perry & Sensor, Suite 560, First Federal Plaza, P.O. Box 1568, Wilmington, DE 19899-1568 | DATE AND TIME<br>12/20/2005 - 10:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE<br>12/1/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael L. Sensor, Esquire
Perry & Sensor
P.O. Box 1568
Wilmington, DE 19899-1568
(302) 655-4482

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE 12/07/2005 (1:18 P.M.) | PLACE Delaware Correctional Center – Infirmary/ Dispensary 1181 Paddock Road Smyrna, Delaware 19977 |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Chris Malaney, health services administration | by delivering a copy thereof to a person of suitable age and discretion then employed therein (as custodian of medical records) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Jeffrey L. Butler | process server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____December 7, 2005_____
            DATE

SIGNATURE OF SERVER
Legal Beagles, Inc.
P.O. Box 886
ADDRESS OF SERVER
New Castle, Delaware 19720-0886
(302) 322-9897

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# PERRY & SENSOR

ATTORNEYS AT LAW

SUITE 560, FIRST FEDERAL PLAZA
POST OFFICE BOX 1568
WILMINGTON, DELAWARE 19899

JAMES T. PERRY*
MICHAEL L. SENSOR*
*Also Admitted in New Jersey

(302) 655-4482
FACSIMILE (302) 655-4043

## AUTHORIZATION TO RELEASE
## PROTECTED HEALTH INFORMATION

Patient Name: __Jermaine Lamar Wilson__         Date of Birth: __1/15/1985__

I hereby authorize __DCC Infirmary/Dispensary or FCMI__ to disclose, release, and/or give copies of my protected health information to PERRY & SENSOR, Attorneys at Law, Suite 560, First Federal Plaza, Wilmington, DE 19899, telephone (302) 655-4482.

**Purpose of the requested information:** These records are needed for the purpose of investigating and developing a legal claim arising out of injuries I received in an accident which occurred on or about __2/18/2005__ .

**Information to be released:** The following information is to be released: ☐ Narrative Reports ☐ Medical Records ☐ X-Ray/Imaging Studies ☐ Financial Records and Billing Documents ☒Other (Specify): __ALL RECORDS__ in reference to the following:

| Date(s) of Visit | Location, Department, Type of Service |
|---|---|
| ALL | Any and all treatment received by Jermaine Lamar Wilson while in the custody of the Delaware Department of Correction |

**Expiration of this authorization.** This authorization expires in 180 days or upon the following date or event: __N/A__ .

**Revoking this authorization.** This authorization may be revoked at any time but is not retroactive for requests that have been complied with in good faith. To revoke this authorization, please provide a written request to the provider releasing your information and to your attorneys.

_____    _____    _____
Signature of Patient                              Telephone Number              Date

_Susie A Wilson_                    (302) 286-0757  12/1/2005
Signature of Legal Representative and Relationship to Patient   Telephone Number        Date
Administratrix of the Estate of Jermaine Lamar Wilson, Deceased

The provider named herein will not condition treatment, payment, enrollment, or eligibility for benefits on the completion of this authorization.

*IMPORTANT NOTICE:* Protected health information, once released, may no longer be protected by Federal privacy regulations and may be subject to redisclosure by the recipient.

*A photocopy or facsimile copy of this signed authorization form is as valid as the original*