IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUSIE A. WILSON, individually and in her capacity as administratrix of the Estate of JERMAINE LAMAR WILSON, deceased, and in her capacity as next friend of Z.W., a minor,<br>　　　　Plaintiffs,<br>　　v.<br><br>STANLEY W. TAYLOR, JR., individually; PAUL HOWARD, individually; NOREEN RENNARD, individually; THOMAS L. CARROLL, individually; BETTY BURRIS, individually; DAVID PIERCE, individually; MICHAEL RECORDS, individually; and OFFICER McDONALD, individually,<br><br>　　　　Defendants. | C. A. No. 05-821-SLR<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' STATEMENT REGARDING**
**THEIR MOTION FOR SUMMARY JUDGMENT [RE:  D.I. 62]**

COMES NOW, Defendants Stanley W. Taylor, Jr., Paul Howard, Noreen Renard, Thomas L. Carroll, Betty Burris, David Pierce, Michael Records and David McDonald (the "Defendants"), by and through their undersigned counsel, and hereby submit, in accordance with the Order of the Court dated February 13, 2008 (D.I. 62), this short and concise statement (the "Statement") of the material facts and legal issues set forth in their Motion for Summary Judgment and Opening Brief in Support.  (D.I. 58, 59).  Defendants contend that the material facts of this case clearly show that there is no genuine issue for trial and the legal issues support the conclusion that judgment should be granted in favor of the Defendants as a matter of law.  In support of this Statement and the Motion for Summary Judgment the Defendants state as follows:

I.     **Material Facts To Which There Is No Issue For Trial**

1.     On June 20, 2003, Jermaine Lamar Wilson was sentenced by the Delaware Superior Court to serve a minimum/mandatory term of two years at Level V Incarceration, followed by one year at Level IV work release, suspended after six months for six months at Level III supervision.

2.     When Jermaine began his incarceration he was evaluated by a mental health professional. Jermaine denied any history of mental health problems or suicide attempts. Plaintiff concedes that prior to his death, Jermaine never exhibited suicidal tendencies nor expressed suicidal ideations or plans.

3.     On January 25, 2005, while in the custody of the Central Violation of Probation Center ("CVOP"), Jermaine violated a CVOP rule by talking in the hall. Jermaine was ordered to stop talking. When he responded in a physically threatening manner and refused to return to his cell, Jermaine was placed in a holding cell, where he began to bang on the door and glass windows of the cell with his feet. Jermaine was ordered to stop kicking the door and windows but refused. Jermaine was then sprayed with a short burst of capstun and ceased his kicking. Defendant Michael Records of CVOP issued an administrative warrant for Jermaine's violation of the terms of his Level IV supervision, based on this behavior. Jermaine was then transferred to the Delaware Correctional Center ("DCC").

4.     Upon his arrival at DCC, Jermaine was classified by DCC officials as a detentioner with an open charge. Based on his classification and behavioral history, the DCC officials assigned Jermaine to a cell in the detentioner tier of DCC's Security Housing Unit ("SHU").

5. On February 14, 2005 the Delaware Superior Court Prothonotary's office filed an order stating that Jermaine's violation of probation was withdrawn. There is no evidence that this order was transmitted to DCC or that the order was received by the institutional records unit at DCC prior to Jermaine's death.

6. On February 18, 2005, Jermaine told officers at DCC that he expected to be released. Officers checked the DOC computers and the records unit but could not find an order from a court authorizing Jermaine's release. DCC officials cannot release an inmate without an order from a court authorizing release.

7. Inmates, like Jermaine, who are housed in the SHU were checked by officers at intervals no less than thirty minutes apart.

8. Shortly after 10:00 p.m. on February 18, 2005, an officer checked Jermaine and did not notice anything unusual about Jermaine's behavior in his cell. Jermaine never gave any indication that he had suicidal ideations or plans.

9. At 10:40 p.m. the officer checked Jermaine's cell again and discovered Jermaine hanging from the clothes locker in his cell. The officer immediately called a code and other officers arrived at the cell and began efforts to revive Jermaine. A nurse also arrived and began assisting in the performance of CPR.

10. At approximately 11:05 p.m. paramedic staff arrived at DCC and took over CPR on Jermaine by attaching a portable defibrillator and a heart monitor. Paramedics were unable to revive Jermaine and he was pronounced dead at 11:16 p.m.

11. On February 19, 2005, Medical Examiner Richard T. Callery autopsied Jermaine's body. The Medical Examiner concluded that the cause of Jermaine's death was asphyxiation due to hanging. It appears that Jermaine struck his head on a piece of

metal protruding from the clothes locker as he swung from the noose he fashioned from a sheet, causing a gash in his head and a small amount of blood. There was no evidence of any foul play.

## II.     Legal Issues Upon Which Judgment Is Sought

1. Any claims arising from the violation of probation on January 25, 2005 are barred, in that Jermaine was afforded both administrative and judicial remedies to contest his guilt, and his institutional transfer pending a hearing was consistent with the bail conditions imposed by the Superior Court.

2. Plaintiff has failed to produce any evidence that the Department of Correction received an order from the Superior Court authorizing Jermaine's release on February 18, 2005, and thus no claim of so-called "state-created danger" can be asserted against the Defendants based on the continued detention and confinement of Jermaine.

3. There is no evidence of mental health problems, psychiatric treatment, or threats of suicide on the part of Jermaine before his death, and any claim of "deliberate indifference" or failure to train based on the supposed failure to diagnose or protect Jermaine from such harm is barred.

4. Plaintiff has failed to produce any evidence from which a jury could conclude that Jermaine was murdered, and any claim of responsibility for his death based on "state-created danger" or "deliberate indifference" on the part of the Defendants must fail.

5. Plaintiff has failed to identify an alternative practice or training that would not have resulted in Jermaine's suicide.

6. Plaintiff cannot establish the existence of a confederation or that Officer

McDonald committed an unlawful act in furtherance of a conspiracy.

7. Defendants did not conspire to violate Jermaine's civil rights, therefore there is no basis for Plaintiff's conspiracy claim.

8. Plaintiff cannot establish that Officer McDonald was engaged in a conspiracy to violate Jermaine's rights, and therefore she cannot establish that Defendants Taylor, Howard, Carroll, Burris and Pierce failed to prevent a conspiracy.

9. Officer McDonald is immune from liability for an assault and battery claim under the State Tort Claims Act, and because there is no merit to Plaintiff's claim.

10. The Defendants' conduct did not cause Jermaine to commit suicide, and therefore there is no basis for a wrongful death claim.

11. Defendants are immune from liability in their individual capacities pursuant to the doctrine of Qualified Immunity, as the facts clearly demonstrate that they did not violate Jermaine's Constitutional rights.

12. Plaintiff cannot demonstrate that the Defendants' conduct was willful or malicious, nor can she demonstrate that punishing the Defendants will deter future behavior, therefore there is no basis for an award of punitive damages.

                  **DEPARTMENT OF JUSTICE**
                  **STATE OF DELAWARE**

                  */s/ Ralph K. Durstein, III*
                  Ralph K. Durstein, III, ID #912
                  Erika Y. Tross, ID #4506
                  Deputy Attorneys General
                  820 N. French Street
                  Wilmington, DE  19801
                  (302) 577-8400
                  Attorneys for the Defendants

Dated: February 25, 2008

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUSIE A. WILSON, individually and in her capacity as administratrix of the Estate of JERMAINE LAMAR WILSON, deceased, and in her capacity as next friend of Z.W., a minor, | ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | )  C. A. No. 05-821-SLR |
| | ) |
| STANLEY W. TAYLOR, JR., individually; PAUL HOWARD, individually; NOREEN RENNARD, individually; THOMAS L. CARROLL, individually; BETTY BURRIS, individually; DAVID PIERCE, individually; MICHAEL RECORDS, individually; and OFFICER McDONALD, individually, | ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) |
| Defendants. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2008, the ***Defendants' Statement Regarding Their Motion for Summary Judgment*** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: Michael L. Sensor, Esq.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Ralph K. Durstein, III*
Ralph K. Durstein, III, #912
Erika Y. Tross, #4506
Deputy Attorneys General
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants